IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SANDRA C. BETZ,**                         CASE NO. 3:21 CV 2408

    Plaintiff,

    v.                                         JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                     **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Sandra Betz seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Parker recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for both disability insurance benefits and supplemental security income in 2019 alleging a disability onset date of October 25, 2015. (Tr. 300, 314, 331, 339). Her claims were denied initially and upon reconsideration. (Tr. 201-10, 212-25). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on January 6, 2021. (Tr. 36-73). On February 2, 2021, the ALJ found Plaintiff not disabled in a written decision. (Tr. 16-35). The Appeals Council denied Plaintiff's request for review,

making the hearing decision the final decision of the Commissioner. (Tr. 1). Plaintiff timely filed the instant action on December 27, 2021. (Doc. 1).

Plaintiff raised two arguments related to the ALJ's decision: first, that the ALJ failed to adequately explain why he found her primary care physician's opinions not persuasive; and second, that the ALJ failed to adequately define the term "superficial contact" in making his residual functional capacity determination. (Doc. 1, at 7, 12).

In his R&R, Judge Parker concluded the ALJ applied proper legal standards and reached a decision supported by substantial evidence. He recommends the Court affirm the Commissioner's decision. *See* Doc. 10.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises a single objection to the R&R. She argues the ALJ and Judge Parker "failed to provide any sort of reason" they found the opinion evidence from Plaintiff's primary care physician not persuasive. (Doc. 11, at 2). In particular, Plaintiff argues Judge Parker's assessment of the ALJ decision as adequately supported by substantial evidence was incorrect, because the ALJ's analysis was not all in one place in the decision. Plaintiff contends the applicable regulations do "not allow for the ALJ to create some sort of scavenger hunt for the subsequent reviewer to track down the ALJ's reasoning." *Id.* at 3. Plaintiff also argues Judge Parker erred in finding the ALJ's conclusion regarding the physician's opinion evidence supported by substantial evidence, because "[t]he ALJ's mere citation to records from [the physician] does not mean that the ALJ considered" that evidence. *Id.*

Contrary to Plaintiff's assertion that the ALJ's analysis must be in one place in the decision, courts are to read ALJ decisions as a whole. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that the ALJ's entire decision must be considered); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (affirming ALJ evaluation of opinion evidence where "[e]lsewhere in her decision, the ALJ laid out in detail the treatment records" undercutting the opinion); *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the

---

1. Neither party objects to Judge Parker's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Parker.

3

necessary requirements to survive this court's review."); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (noting even if an ALJ decision could have been better organized, there is "no need to require the ALJ to spell out every fact a second time"). Judge Parker was therefore correct to conclude that reasoning from the ALJ throughout the decision may be considered to support the decision's conclusions. (Doc. 10, at 18-19).

Additionally, the ALJ properly set out why he found the physician's opinion unpersuasive, and Judge Parker correctly found that determination supported by substantial evidence. The ALJ highlighted the inconsistencies between the treatment evidence and the physician's opinions. *See* Tr. 24 ("The record lacks evidence of a serious and persistent disorder . . . the record does not suggest the need for a highly structured setting, medical treatment, mental health therapy, or psychosocial supports, or minimal capacity to adapt to changes in environment or demands that are not already part of daily life."). These statements in the decision are supported by the ALJ's summary of medical evidence from Plaintiff's physician (Tr. 21-22) contrasted with a summary of that physician's opinion testimony (Tr. 28).

Judge Parker likewise looked both to the ALJ decision and the available evidence to compare "the mild or moderate conditions recorded in [the physician's] treatment records" versus his later "'marked' limitations findings". (Doc. 10, at 18-19). Judge Parker cited more than 40 pages of evidence in the transcript that confirm the ALJ's overall conclusion. *Id.* at 19-20. While Plaintiff insists a citation to evidence does not guarantee the ALJ actually considered that evidence, all that is required upon review is that the ALJ's conclusions are supported by substantial evidence. *Walters*, 127 F.3d at 528; *see also Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (an ALJ decision is supportable when the reasons given therein "build an accurate and logical bridge between the evidence and the result."). The comparisons by the ALJ and Judge Parker

4

between the record evidence provided by Plaintiff's physician and the later opinion evidence given by that physician, complete with citations to the record showing why the record evidence and opinion evidence were inconsistent with each other, build a clear bridge between the available evidence and the conclusion that the physician's opinion was not persuasive.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Parker's R&R (Doc. 10) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                               s/ *James R. Knepp II*
                                               UNITED STATES DISTRICT JUDGE